## TAYLOR v. HOME FEDERAL SAVINGS & LOAN ASS'N.

No. 28647.   March 21, 1939.

Rehearing Denied April 18, 1939.

A. C. Hough, for plaintiff in error.

John W. Mee, for defendant in error.

RILEY, J. This is an appeal from an order overruling objections to confirmation of sale of real estate and from an order confirming said sale.

The action is one for a judgment on note and foreclosure of mortgage given to secure said note. Judgment was entered October 4, 1937. It recites that the mortgage provides appraisement may be waived, or not, at plaintiff's election, and that plaintiff had elected to have the property sold with appraisement.

Order of sale with appraisement was issued October 26, 1937. Return of sale was filed December 2, 1937, showing sale with appraisement on November 29, 1937.

December 2, 1937, plaintiff in error, defendant below, filed an objection to confirmation of sale and motion for an order to vacate the sale because of gross inadequacy of sale price. She alleged that the premises sold at said sale for $2,500, and that the reasonable and fair market value of the property sold was from $4,000 to $4,500; that the sale price was so inadequate as to shock the conscience of the court.

As a second ground it was alleged that defendant had procured a responsible individual who was then ready, willing, and able to buy said land at $2,750, and had offered a bid in writing for said sum. The bid in writing was attached to the objection to the confirmation of sale.

Motion to confirm the sale was filed by the plaintiff on December 1, 1937.

The matter was presented to the court on December 3, 1937, and an order confirming the sale, and in effect overruling the objection to confirmation, was entered. Plaintiff in error then filed a motion for a new trial, which was overruled, and she appeals.

The parties will hereafter be referred to as in the trial court.

Defendant first suggests matters of a defensive nature which might or could have been considered, if properly pleaded, in the trial of the case. We cannot here consider such matters, for the reason that they are not presented in the case-made. There is no appeal from the judgment and decree of foreclosure. Matters which were there presented, or matters which might have been presented, are not brought up in this appeal. In this appeal nothing can be considered except matters arising after the entry of the original judgment, and the specifications of error in the petition in error go only to the proceedings subsequent to the judgment.

It is first urged that the court erred in confirming the sale because an appraisement of the property was not properly made and returned as required by law.

The only alleged irregularity in the appraisement is that it appears that the appraisement was made as shown therein as follows:

| "Total appraised value | $3,000. |
| "Less taxes | $------ |
| "Net appraised value | $------." |

It is contended that thereby the property involved was appraised at the total sum of $3,000, and that no taxes were deducted, and that the law contemplates an appraisement of the property at its total value less any taxes that may be due thereon.

Section 450, O. S. 1931, title 12, section 759, Okla. Stats. Ann., provides for the appraisement. Said section provides that in executions levied upon lands, the officer levying such execution shall call an inquest of three disinterested householders, who are required to impartially appraise the property upon actual view, and shall return to the said officer, under their hand, "an estimate of the real value of said property." It will thus be seen that the law does not specifically require an appraisement of the net value of the land. But if this be required, the defendant is not injured by the irregularity, for if there were any taxes due on the land at that time, the net value of the land would be less than the amount fixed in the appraisement, and the law requires that the property when sold shall sell for not less than two-thirds of the appraised value, so that under the appraisement as made, the land must have sold for a higher price than it could have been sold for had the appraisement been less by de-

ducting any taxes which might have been due. Furthermore, there is no evidence that there were at the time any taxes due and owing against the property.

It is next urged that the notice of sale was not given as required by law. The contention is that the return of sale and proof of publication of notice show that the first publication of the notice was on October 27, 1937, and the last publication was on November 29th, the day of sale.

Section 455, O. S. 1931, title 12, section 764, Okla. Stat. Ann., provides for publication of the notice. Said section requires the officer levying the execution to cause public notice of the time and place of sale to be given for at least 30 days before the day of sale by advertisement in some newspaper printed in the county, if there be one. The proof of publication shows that the notice was published in a daily paper and in each daily issue thereof, beginning with the 27th day of October, 1937, and continuing until and including the 29th day of November, 1937. It thus appears that the publication of the notice was for at least 31 days before the day of the sale and fully complies with the law. The fact that the publisher published the notice more than 30 days, down to and including the day of the sale, could not and did not vitiate the sale.

It is next urged in the brief of defendant that the return of the sale was not made as required by law, in that it was not filed until December 4, 1937, or the day following the hearing held by the court on the motion for confirmation of the sale.

The record did so show, at the time the petition in error and case-made was first filed, and at the time the brief of defendant was filed. But the case-made was, by order of this court, withdrawn, corrected, and refiled on October 1, 1938. The correction shows that the return of sale was filed on December 2, 1937. It will thus be seen that the return of sale was properly made and filed before the entry of the order confirming the sale.

It is next urged that the court erred in confirming the sale because of gross inadequacy of the price.

The property was, as before stated, appraised at $3,000 and sold for $2,500, which is $500 more than the two-thirds required by law. The purported offer and bid by the individual made the next day after the sale was but $250 more than the amount for which the property sold. There is no showing of any kind as to the actual value of the property, save and except the mere affidavit or statement of defendant in her objection to confirmation of the sale. She offered no evidence whatever in support of her claim that the real value of the property was from $4,000 to $4,500. The appraisement made in the manner provided by law is in no wise impeached, and we cannot say as a matter of law that the property sold at an inadequate price.

Considering the record as a whole, we find no error in the order of the court. The judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.